IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEANNA WEIDNER,

                                    Plaintiff,                                    ORDER

          v.
                                                                08-cv-404-slc
UNITY HEALTH PLANS INSURANCE
CORPORATION, a Wisconsin Corporation,

                                    Defendant.

---

Attached for the parties' consideration are court drafts of the voir dire, jury instructions and verdict forms, generated after considering the parties' proposals on these topics.  We will be discussing the parties's proposals and the court drafts at the final pretrial conference, along with the other trial preparation topics.

Entered this 14th day of May, 2009.

                              BY THE COURT:

                              /s/

                              STEPHEN L. CROCKER
                              Magistrate Judge

**Voir Dire: Weidner v. Unity Health Plans, 08-cv-404-slc**

Statement of the case.  This is a civil lawsuit by plaintiff, Deanna Weidner, against her former employer, defendant Unity Health Plans Insurance Corporation in Sauk City.  Plaintiff claims that defendant violated the provisions of the Family and Medical Leave Act, often referred to as the FMLA. Specifically, plaintiff claims that when she tried to return from medical leave in 2007, defendant violated the FMLA when it did not return plaintiff to her former job or an equivalent job.  Defendant denies any violations, claiming that plaintiff did not work the required number of hours to be covered by the FMLA [*and because plaintiff did not the type of serious health condition covered by the FMLA.*]

1. Have any of you ever heard of this case before today?  Would this affect your ability to be fair and impartial?

2. The trial of this case will begin today and could may last until this Friday.  Is there any one of you who is actually unable to serve as a juror during this time?

3. Ask counsel to stand and tell where they practice and with whom.  Ask panel whether anyone knows counsel or their associates or partners.

4.  Ask counsel to introduce the parties, including the nature of defendant's business, any major subsidiaries and parent corporation, and where it conducts business.  Ask whether anyone on the panel knows the parties or has a business connection to defendant.

5. Please stand up and tell us about yourself:

> Name, age, and city or town of residence.
>
> Marital status and number of children, if any.
>
> Current occupation (former if retired).
>
> Current (or former) occupation of your spouse or domestic partner.
>
> Any military service, including branch, rank and approximate date of discharge.
>
> How far you went in school and major areas of study, if any.
>
> Memberships in any groups or organizations.
>
> Hobbies and leisure-time activities.
>
> Favorite types of reading material.
>
> [*more*]

Favorite types of television shows.

If you use the Internet regularly other than for e-mail, banking and business, what types of sites you visit most often.

6.  Do any of you know any of the other people sitting in the jury box from before today?

7.  Do any of you or members of your immediate family have training or experience in the fields of law, human resources, labor relations, the health care field or the insurance industry?

8.  Do any of you have strong feelings or opinions either for or against the laws and regulations that govern employment issues like medical leave, childbirth and leave time for employees? (Sidebar if necessary).

9.  Do any of you have strong feelings or opinions about people who bring lawsuits claiming violations of laws that govern employment issues like medical leave, childbirth and leave time for employees? (Sidebar if necessary).

10.  Do any of you have strong feelings or opinions about whether companies care enough about the rights of their employees? (Sidebar if necessary).

11.  Have any of you or members of your household have ever owned a business?

12.  Have any of you been involved in making decisions as an employer or for an employer regarding an employee's right to benefits under the FMLA?

13.  Have any of you or members of your immediate family ever been accused of denying an employee his or her legal rights on the job?  (Side bar if necessary).

14.  Have any of you ever taken maternity or paternity leave from work, either under the FMLA or otherwise?  (Sidebar if necessary).

15.  Have any of you or members of your immediate family ever taken a medical leave of absence from work, either under the FMLA or otherwise?  (Sidebar if necessary).

16.  Have any of you, members of your family or close friends ever had a particularly bad experience with an employer regarding taking leave for childbirth, adoption or medical reasons? (Side bar if necessary).

17.  Have any of you or members of your immediate family ever been demoted from a job? (Sidebar if necessary).

18.  Have any of you ever been a party to a lawsuit or a witness in somebody else's lawsuit?

19.  Have any of you ever had any negative experience with a lawyer or a court that might affect you ability to be a fair juror in this case?

20.  How many of you have served on a jury before today? Please tell us in which court, when, the nature of the cases the verdicts, and whether you were foreperson.

21.  At the end of the case I will give you instructions about the law that applies in this case. You are required to follow those instructions, even if you do not agree with them.  Is there any one of you who would be unable or unwilling to follow the instructions?

22.  Do you know of any reason whatsoever why you could not sit as a trial juror with absolute fairness and impartiality to all the parties in this case?

# JUROR BACKGROUND INFORMATION

When asked to do so by the court, please stand up and tell us about yourself:

Name, age, and city or town of residence.

Marital status and number of children, if any.

Current occupation (former if retired).

Current (or former) occupation of your spouse or domestic partner.

Any military service, including branch, rank and approximate date of discharge.

How far you went in school and major areas of study, if any.

Memberships in any groups or organizations.

Hobbies and leisure-time activities.

Favorite types of reading material.

Favorite types of television shows.

If you use the Internet regularly other than for e-mail, banking and business, what types of sites you visit most often.

# I. <u>INTRODUCTORY INSTRUCTIONS</u>

Members of the jury, we are about to begin the trial of this case. Before it begins, I will give you some instructions to help you understand how the trial will proceed, how you should evaluate the evidence, and how you should conduct yourselves during the trial.

## <u>Your Duties as Jurors</u>

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you will see and hear in this court. This is your job, not my job or anyone else's.

Your second duty will be to take the law that I will give you at the end of the case and apply it to the facts to decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear or public opinion influence you. Do not let any person's race, color, religion, national ancestry or gender influence you.

Nothing that I say or do during the trial is meant to indicate any opinion by me about what the facts are or about what your verdict should be.

## <u>What This Trial Is About</u>

The party who begins the lawsuit is called the plaintiff. In this action, the plaintiff is Deanna Weidner. The parties against whom the suit is brought are called the defendants. In this action, the defendant is Unity Health Plans Insurance Corporation, sometimes referred to simply as "Unity."

Plaintiff claims that defendant Unity violated the Family and Medical Leave Act, which is often referred to by its initials as the "FMLA." This law entitles an eligible employee to take up to 12 weeks of unpaid leave during any 12-month period for several reasons, including the birth of a son or daughter and to care for the son or daughter, or because of a serious health condition that makes her unable to perform the functions of her position. The FMLA generally

gives an employee the right, following FMLA leave, to be returned by the employer to the position she held when the leave began or to an equivalent position.

## How this Case Will Be Tried

The case will proceed in this order:

First, plaintiff's lawyer will make an opening statement outlining plaintiff's case. Then defendants' lawyer will make an opening statement outlining defendant's case. What the lawyers say in their opening statements is not evidence, it is simply a guide to help you understand what each party expects the evidence to show.

Second, after the opening statements, the plaintiff will introduce evidence in support of her claim. After the plaintiff presents her evidence, the defendant may introduce evidence. The defendant is not required to introduce any evidence or to call any witnesses. If the defendant introduces evidence, then plaintiff may then introduce rebuttal evidence.

Third, after the parties are done presenting their evidence, I will read to you the closing instructions on the law that you will apply to reach a verdict.

Fourth, after I have read the closing instructions, the lawyers for each side will make their closing arguments explaining what they believe the evidence has shown, what inferences you should draw from the evidence, and how they think you should apply the law to the evidence. What the lawyers say in their closing arguments is not evidence. The plaintiff has the right to give the first closing argument and to make a short rebuttal argument after the defendants' closing argument.

Fifth, you will retire to the jury room and begin your deliberations.

You will hear the term "burden of proof" used during this trial. In simple terms, the phrase "burden of proof" means that the party who makes a claim has the obligation of proving that claim. At the end of the trial, I will instruct you on the proper burden of proof to be applied in this case.

The trial day will run from 9:00 a.m. until at least 5:00 p.m. We will always break for lunch for about an hour and take a short break each morning and each afternoon.

## How You Must Act While You Are A Juror in This Case

While this trial is going on, whenever you are not in the courtroom hearing evidence it is import that you follow these instructions:

First, do not discuss this case among yourselves or with anyone else while the trial is still going on.  Ms. Weidner and Unity have a right to expect from you that you will keep an open mind throughout the trial.  You should not reach any conclusions until you have heard all of the evidence, you have heard the lawyers' closing arguments and my instructions to you on the law, and you have retired to deliberate on your verdict.

I must warn you, in particular, against commenting about the trial in an e-mail or a blog or Twitter. There have been news accounts recently about cases in other courts that have had to be stopped or reversed and then re-tried from the beginning because a member of the jury communicated electronically about the case during the trial.

Second, do not permit anyone else outside of the courtroom to discuss this case in your presence.  If anyone tries to talk to you, stop them and then report this to a court employee right away.  <u>Do not</u> discuss the event with your fellow jurors or discuss with them any other fact that you believe you should tell the court.

Third, do not talk to any of the parties or their attorneys or witnesses.  By this I mean not only do not talk about the case, but do not talk at all, even to pass the time of day.  In no other way can Ms. Weidner and Unity be assured of the absolute impartiality they are entitled to expect from you are jurors.

Fourth, although there probably will not be any media coverage of this trial, if there is any, it is off limits to you until this trial is over.  Do not read about this case on the Internet. in newspapers, or listen to radio or television broadcasts about the trial.  If a headline catches your eye, do not examine the article further.  Media accounts may be inaccurate and may

contain matters that are not proper for your consideration.  You must base your verdict solely on the evidence produced in court.

Fifth, no matter how interested you may become in the facts of the case, you must not do any independent research, investigation or experimentation.  Do not look up materials on the Internet or in other sources.  Just like with jurors texting or Twittering during trial, when jurors go on line to learn additional information before the trial is over, they undermine the fairness and integrity of the entire trial.  It is important that you base your verdict only on the evidence produced in court.

## Credibility of Witnesses

In deciding the facts, you may have to decide which witnesses to believe and which witnesses not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness' testimony in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

## Depositions

During the course of a trial the lawyers will refer to and read from depositions.  Depositions are transcripts of testimony taken while the parties are preparing for trial.  Deposition testimony is given under oath just like testimony on the trial.  You should give it the same consideration you would give it had the witnesses testified here in court.

## Objections

9

During the trial, you will hear the lawyers make objections to certain questions or to certain answers of the witnesses.  When they do so, it is because they believe the question or answer is legally improper and they want me to rule on it.  Do not try to guess why the objection is being made or what the answer would have been if the witness had been allowed to answer it.

If I tell you not to consider a particular statement that has already been made, put that statement out of your mind and remember that you may not refer to it during your deliberations.

## Questions

During the trial, I might ask a witness questions.  If I do this, do not assume that I have any opinion about the subject matter of my questions.

If *you* wish to ask a question about something that you do not understand, write down your question on a piece of paper.  If, when the lawyers have finished all of their questioning of the witness, your question has not ben answered, raise your hand, and I will take the written question from you, show it to counsel, and then decide whether it is a question that can be asked.  If it cannot, I will tell you.

## Notetaking

The clerk will give each of you a notepad and pencil for taking notes.  This does not mean you <u>have</u> to take notes; take them only if you want to and if you think that they will help you remember the evidence when you are deliberating.  Do not let notetaking interfere with your important duties of listening carefully to all of the evidence and of evaluating the credibility of the witnesses.  Just because someone has written something down, this does not mean that the written note is more accurate than another juror's mental recollection of the same thing.  No one of you is the "secretary" for the jury, responsible for recording evidence .  Each of you is responsible for recalling the testimony and the other evidence.

Although you can see that this trial is being recorded by a court reporter, actual transcripts take many days to prepare.  This means that you will not be able to use trial transcripts in your deliberations.  You will have to rely on your own memories.

### Evidence

Evidence at a trial includes the sworn testimony of the witnesses, exhibits admitted into the record, facts judicially noticed, and facts stipulated by counsel.  You may consider only evidence that is admitted into the record.

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that, if you believe it, directly proves a fact.  Circumstantial evidence is evidence that indirectly proves a fact.

For example, direct evidence that it rained last Friday would be testimony from a witness who tells you that she walked through the rainstorm.  Circumstantial evidence that it rained last Friday would be testimony from a witness who saw other people's wet umbrellas drying in the foyer that day.

You are to consider both direct and circumstantial evidence.  The law does not say that one is better than the other.  It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

### Contradictory or Impeaching Evidence

A witness may be discredited by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been discredited, it is up to you to decide how much of the testimony of that witness you believe.

If a witness is shown to have given false testimony knowingly, that is, voluntarily and intentionally, about any important matter, you have a right to distrust the witness's testimony about other matters. You may reject all the testimony of that witness or you may choose to believe some or all of it.

The general rule is that if you find that a witness said something before the trial that is different from what the witness said at trial you are to consider the earlier statements only as an aid in evaluating the truthfulness of the witness's testimony at trial.  You cannot consider as evidence in this trial what was said earlier before the trial began.

There is an exception to this general rule for witnesses who are the actual parties in the case.  If you find that any of the parties made statements before the trial began that are different from the statements they made at trial, you may consider as evidence in the case whichever statement you find more believable.

## Drawing Inferences

Give the evidence whatever weight you believe it deserves.  Use your common sense in weighing the evidence, and consider the evidence in light of your own every day experience.  You are allowed to draw reasonable inferences from facts.  In other words, you may look at one fact and conclude from it that another fact exists. Any inferences you make must be reasonable and must be based on the evidence in the case.

## II.  POST-TRIAL INSTRUCTIONS

### Introduction

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, I will give you the instructions that will govern your deliberations in the jury room.  It is my job to decide what rules of law apply to the case and to explain those rules to you.  It is your job to follow the rules, even if you disagree with them or don't understand the reasons for them.  You must follow <u>all</u> of the rules; you may not follow some and ignore others.

All of the instructions that I gave you at the beginning of the trial still apply.  I will send copies of those instructions back with you to use during your deliberations.

The decision you reach in the jury room must be unanimous.  In other words, you must all agree on the answer to each question.

Your deliberations will be secret.  You will never have to explain your verdict to anyone.

If you think that I have an opinion about how the case should be decided, disregard that idea.  It is your job, not mine, to decide the facts of this case.

The case will be submitted to you in the form of a verdict form that has [X] questions.  In answering the questions, you should consider only the evidence that has been received at this trial.  Do not concern yourselves with whether your answers will be favorable to one side or another, or with what the final result of this lawsuit may be.

I'm going to read the verdict form to you.  While I do so, please note that sometimes the way you answer one question determines whether or not you have to answer other questions that come later.  Read the introductory portion of each question very carefully before you answer it.  Do not answer questions needlessly.

---

### Burden of Proof

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it. When you consider each question on the verdict, the burden of proof is on the party who contends that the answer to a question should be "yes."  I will explain this more in the instructions that follow.

**The Elements of Plaintiff's Claim**

To return a verdict in favor of plaintiff Deanna Weidner, you must find that the evidence establish all three of these elements::

(1) Plaintiff Deanna Weidner was an eligible employee under the FMLA.

(2) Plaintiff Deanna Weidner had a serious health condition that made her unable to perform the functions of her job.

(3) Defendant Unity did not reinstate plaintiff to her Healthcare Quality Specialist position or an equivalent position after she returned from her FMLA leave on March 19, 2007.

**Element (1): Eligible Employee**

An eligible employee is one who has been employed for at least 12 months by the employer and has worked at least 1,250 hours during the previous 12-month period.  "Hours worked" means the time plaintiff Deanna Weidner spent in service to her employer, whether that time was in the workplace, away from the work premises or even at home.

Defendant Unity has the burden of proving by a preponderance of the evidence that plaintiff did not work the requisite hours.   This is because plaintiff was a salaried employee for whom defendant Unity did not maintain an accurate record of the hours she actually worked.

**Element (2): Serious Health Condition**

A "serious health condition" is an illness, injury, impairment or physical or mental condition that involves inpatient care in a hospital or continuing treatment by a health care provider.

**[define continuing treatment by health care provider?]**

14

Plaintiff Deanna Weidner has the burden of proving by a preponderance of the evidence that she had a serious health condition that made her unable to perform the functions of her position.

## Element (3) Equivalent Position

An equivalent position is one that is almost identical to the employee's former position in terms of pay, benefits and working conditions, and that involves substantially equivalent skill, effort, responsibility and authority.

Plaintiff Deanna Weidner has the burden of proving by a preponderance of the evidence that defendant Unity failed to restore her to her former position or its equivalent when she returned from leave on March 19, 2007.

## Answers Not Based on Guesswork

If, after you have discussed the testimony and all other evidence that bears upon a particular question, you find that the evidence is so uncertain or inadequate that you have to guess what the answer should be, then the party having the burden of proof as to that question has not met the required burden of proof. Your answers are not to be based on guesswork or speculation. They are to be based upon credible evidence from which you can find the existence of the facts that the party must prove in order to satisfy the burden of proof on the question under consideration.

## Selection of Presiding Juror; Communication with the Judge; Verdict

When you go to the jury room to begin considering the evidence in this case you should first select one of the members of the jury to act as your presiding juror. This person will help to guide your discussions in the jury room.

You are free to deliberate in any way you decide or select whomever you like as a presiding juror. However, I am going to provide some general suggestions on the process to help you get started. When thinking about who should be presiding juror, you may want to consider the role that the presiding juror usually plays. He or she serves as the chairperson during the

15

deliberations and has the responsibility of insuring that all jurors who desire to speak have a chance to do so before any vote.  The presiding juror should guide the discussion and encourage all jurors to participate.

Once you are in the jury room, if you need to communicate with me, the presiding juror will send a written message to me.  However, don't tell me how you stand as to your verdict.

As I mentioned before, the decision you reach must be unanimous; you must all agree on your answers to the questions on the verdict form.

When you have answered all of the questions that you are required to answer on the verdict form, the presiding juror will sign the verdict form, put the date on it, and all of you will return with the verdict into the court.

## Suggestions for Conducting Deliberations

In order to help you determine the facts, you may want to consider discussing one claim at a time, and use my instructions to the jury as a guide to determine whether there is sufficient evidence to prove all the necessary legal elements for each claim or defense.  I also suggest that any public votes on a verdict be delayed until everyone can have a chance to say what they think without worrying what others on the panel might think of their opinion.  I also suggest that you assign separate tasks, such as note taking, time keeping and recording votes to more than one person to help break up the workload during your deliberations. I encourage you at all times to keep an open mind if you ever disagree or come to conclusions that are different from those of your fellow jurors.  Listening carefully and thinking about the other juror's point of view may help you understand that juror's position better or give you a better way to explain why you think your position is correct.

16

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEANNA WEIDNER,

        Plaintiff,

   v.

                                    08-cv-404-slc

UNITY HEALTH PLANS INSURANCE
CORPORATION, a Wisconsin Corporation,

        Defendant.

---

SPECIAL VERDICT--LIABILITY

_____

We, the jury, for our special verdict, do find as follows:

## QUESTION (1)

    (1)  Did plaintiff Deanna Weidner work less than 1,250 hours from January 1, 2006 to December 31, 2006?

                        _____

                    ("Yes" or "No")

    If you answer "Yes" to Question (1),then you do not need to answer any more questions and you may go to the last page to sign and date the verdict.

    If you answer "No" to Question (1), then answer Question (2):

17

**QUESTION (2)**

(2)  Did plaintiff Deanna Weidner have a serious health condition that made her unable to perform the functions of her job between January 1 and March 19, 2007?

_____
("Yes" or "No")

If you answer "Yes" to Question (2), then answer Question (3).

If you answer "No" to Question (2), then you do not need to answer any more questions and you may go to the last page to sign and date the verdict.

**QUESTION (3)**

(3)  Did defendant Unity Health Plans Insurance Company fail to reinstate plaintiff to her Healthcare Quality Specialist position or an equivalent position when she returned from her FMLA leave on March 19, 2007?

_____
("Yes" or "No")

If you answer "Yes" to Question (3), then answer both Question (4) and Question (5).

If you answer "No" to Question (3), then you do not need to answer any more questions and you may go to the last page to sign and date the verdict.

[*For discussion at the hearing* ]

### QUESTION (4)

(4)  Was defendant Unity acting in good faith when it failed to reinstate plaintiff to her Healthcare Quality Specialist position or an equivalent position when she returned from her FMLA leave on March 19, 2007?

_____

*("Yes" or "No")*


### QUESTION (5)

(5)  Did defendant Unity have reasonable grounds for believing that failing to reinstate plaintiff to her Healthcare Quality Specialist position or an equivalent position when she returned from her FMLA leave on March 19, 2007 was not a violation of the FMLA?

_____

*("Yes" or "No")*



_____

Presiding Juror


_____

Date

Madison, Wisconsin


19

### III.  DAMAGES

#### General

On the damages question, the plaintiff has the burden of convincing you, by the preponderance of the evidence, both that she has been injured or damaged and the amount of the damages.

*The plaintiff need not produce evidence that is as exact as the evidence needed to support findings on other questions in the verdict.  Determining damages involves the consideration of many different factors that cannot be measured precisely.  In determining the damages you must base your answer on evidence that reasonably supports your determination of damages under all of the circumstances of the case.  You should award as damages the amount of money that you find fairly and reasonably compensates the named party for his or her injuries.*

*Do not measure damages by what the lawyers ask for in their arguments.  Their opinions as to what damages should be awarded should not influence you unless their opinions are supported by the evidence. It is your job to determine the amount of the damages sustained from the evidence you have seen and heard. Examine that evidence carefully and impartially.  Do not add to the damage award or subtract anything from it because of sympathy to one side or because of hostility to one side.  Do not make any deductions because of a doubt in your minds about the liability of any of the parties. [NECESSARY?]*

#### Lost Wages or Benefits

If you find that plaintiff has proven her claim by a preponderance of the evidence, you should award her as damages any lost wages and benefits she would have received from defendant through the date of your verdict if she had been reinstated following her FMLA leave on March 19, 2007.  You should then reduce this amount by any wages and benefits that plaintiff received from other employment during that time.  It is plaintiff's burden to prove that she lost wages and benefits and their amount.  If she fails to do so for any periods of time for which she seeks damages, then you may not award damages for that time period.

20

### *Income Taxes*

*You must not add to any award of damages any money to compensate the plaintiff for state or federal income taxes.  Damages received as an award for personal injuries are exempt from income taxes.  On the other hand, you must not subtract any money from your award of damages just because the plaintiff is not required to pay income taxes. [ NECESSARY?]*

### Duty to Mitigate Damages

A person who has been damaged may not recover for losses that he or she could have reduced by reasonable efforts.  Defendant argues that plaintiff's claim for lost wages and benefits should be reduced by **[describe the reduction]**.  If you find that (1) plaintiff did not take reasonable actions to reduce her damages, and (2) that plaintiff reasonably might have found comparable employment if she had taken such action, you should reduce any amount you might award plaintiff for lost wages or  benefits by the amount she  reasonably would have earned during the period for which you are awarding lost wages or benefits.  Defendant must prove both that the reduction should be made and its amount.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEANNA WEIDNER,

Plaintiff,

v.

08-cv-404-slc

UNITY HEALTH PLANS INSURANCE
CORPORATION, a Wisconsin Corporation,

Defendant.

SPECIAL VERDICT--DAMAGES

We, the jury, for our special verdict on damages, find as follows:

What amount of money, if any, if paid now in cash, would fairly and reasonably compensate plaintiff Deanna Weidner for the  wages, salary, employment benefits, or other compensation that she lost as a result of defendant Unity's failure to reinstate her to her Healthcare Quality Specialist position or an equivalent position when she returned from her FMLA leave on March 19, 2007?

$_____

(answer in dollars and cents)

_____

Presiding Juror

_____

Date

Madison, Wisconsin

22